UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RITA PECORARO, *as Administratrix of the
Estate of John J. Pecoraro*,

         Plaintiff,

v.                 **DECISION AND ORDER**
                    99-CV-636S

UNITED STATES OF AMERICA,

         Defendant.

   1.  A bench trial in the above-captioned matter is scheduled to commence on October 24, 2005. Presently before this Court are two related Motions in Limine filed by Defendant seeking preclusion of Plaintiff's expert, Dr. Ignatius Bertola. For the reasons stated below, and the reasons set forth by this Court on the record at oral argument on the motions, Defendant's motions are denied.[1]

   2.  Since the parties are familiar with the procedural history and facts of this case, a complete recitation of the same will not be repeated herein. In December 1996, John Pecoraro[2] sought medical care at Veterans Hospital for pain in his right leg and foot. After being admitted to Veterans Hospital, John Pecoraro underwent a femoral-to-femoral bypass, and subsequently experienced wound infection complications. His condition worsened and eventually required the amputation of his right leg above the knee. He alleges that after performing the femoral-to-femoral bypass operation, physicians at Veterans Hospital discharged him without appropriate or sufficient antibiotics, causing his

---

[1] Oral argument on Defendant's First Motion in Limine took place on February 4 and 7, 2005. Oral argument on Defendant's Second Motion in Limine took place on June 15, 2005.

[2] John Pecoraro was originally a Plaintiff in this action. However, he died during the pendency of this action. Rita Pecoraro, his wife, has been substituted in his place as the Administratrix of his estate.

groin to become infected and ultimately requiring the partial amputation of his leg.[3]

3.  Trial in this case was last scheduled to begin on February 7, 2005. Four days before trial, on February 3, 2005, Defendant filed its First Motion in Limine seeking to preclude Plaintiff from introducing Dr. Bertola's expert deposition at trial on the basis that Dr. Bertola was unavailable for cross-examination.[4] Moreover, Defendant argued that Plaintiff should be limited to relying on her new expert, Dr. James Slough, in place of Dr. Bertola. In opposition, Plaintiff argued that Rule 32 of the Federal Rules of Civil Procedure permitted use of Dr. Bertola's deposition.

4.  At the oral arguments on February 4 and 7, 2005, this Court indicated that although Plaintiff's disclosure of her intention to use Dr. Bertola's deposition was late, Rule 32 permitted use of the deposition at trial. To cure any prejudice to Defendant, this Court reserved decision on the motion and adjourned the trial date to allow Defendant an opportunity to make a further motion in limine challenging Dr. Bertola's credentials as an expert witness. On May 23, 2005, Defendant filed its Second Motion in Limine seeking preclusion of Dr. Bertola's deposition as unreliable. Defendant also renewed its Motion for Summary Judgment.

5.  As to Defendant's First Motion in Limine seeking preclusion of Dr. Bertola's deposition testimony, this Court finds that the motion should be denied. Rule 32 governs the use of depositions at trial. Under the rule, the deposition of a dead witness, whether or not a party, can be used at trial if it is "admissible under the rules of evidence applied as

---

[3] The amputation was performed at another Buffalo-area hospital. Only the course of treatment John Pecoraro received at Veterans Hospital prior to the amputation is at issue.

[4] Dr. Bertola died during the pendency of this case.

though the witness were then present and testifying." FED. R. CIV. P. 32(a). Rule 32 provides an independent basis for admission of a prior deposition. See Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. at 1985).

6.   Defendant concedes that Dr. Bertola is unavailable for purposes of Rule 32. However, it argues that Rule 804(b)(1) of the Federal Rules of Evidence precludes admission of Dr. Bertola's deposition. Rule 804(b)(1) contains the "former testimony" exception to the hearsay rule. Under that section, deposition testimony is admissible "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." FED. R. EVID. 804(b)(1). Defendant argues that it did not have a motive to cross-examine Dr. Bertola at his deposition because it did not anticipate that he would be unavailable for trial.

7.   Defendant's argument is unpersuasive. First, under Rule 32, admissibility of a deposition must be analyzed under the Rules of Evidence "as though the witness were then present and testifying." FED. R. CIV. P. 32. That being the case, the hearsay rule and exceptions thereto do not enter the analysis. See FED. R. EVID. 801(c) (defining hearsay as a statement "*other* than one made by the declarant while testifying at trial . . . ). Further, in light of Defendant's ability to file subsequent motions in limine challenging Dr. Bertola's qualifications and the reliability of his opinions, this Court finds that Defendant will not suffer unfair prejudice by the admission of Dr. Bertola's deposition into evidence at trial. See FED. R. EVID. 403. This Court therefore finds Dr. Bertola's transcript to be admissible under Rule 32.

8. Second, even analyzing this under Rule 804, there is no question that counsel for Defendant was present at Dr. Bertola's deposition and had the opportunity to cross-examine him. Defendant chose not to do so, apparently for strategic reasons. Although Defendant argues that it will be prejudiced by not being permitted to question Dr. Bertola at trial about his credentials and the reliability and bases for his opinions, this Court finds that any prejudice is cured by Defendant being afforded the opportunity to file its Second Motion in Limine raising these issues. Accordingly, Defendant's First Motion in Limine will be denied.

9. As to Defendant's Second Motion in Limine, this Court finds that this motion too should be denied. In short, Defendant argues that Dr. Bertola's deposition testimony is insufficiently reliable under Rule 702 of the Federal Rules of Evidence to serve as expert testimony because Dr. Bertola, as an orthopaedist, is not qualified to offer reliable testimony regarding the treatment of vascular surgical patients. In support of its motion, Defendant has submitted an affidavit from its own expert, Dr. Karl Illig, who is a board certified general and vascular surgeon. Dr. Illig contends that Dr. Bertola's deposition testimony is replete with errors that indicate that Dr. Bertola is not qualified to render an expert opinion in this case. Defendant also argues that Dr. Bertola's conclusions are not supported by peer-reviewed literature.

10. Plaintiff argues that Dr. Bertola's deposition is both reliable and admissible. She contends that this case is not a case about vascular surgery, but rather, is a case about general treatment of infections and administration of antibiotics. As such, Dr. Bertola's forty years of experience as a surgeon is an adequate basis from which he can offer an expert opinion. Moreover, Plaintiff argues that any question regarding Dr. Bertola's

credentials go to the weight to be afforded his opinion, not its admissibility. See Mitchel v. United States, 141 F.3d 8 (1st Cir. 1998).

11.     District courts have a "gatekeeping" function under Rule 702 of ensuring that an expert's testimony is both reliable and relevant to the task at hand. See Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993)). Here, this Court finds no basis to preclude Dr. Bertola's deposition at this stage. First, there is a factual dispute between the parties regarding what the evidence will show at trial. Defendant claims that only a vascular surgeon can offer a reliable and relevant opinion in this case because John Pecoraro suffered from vascular disease. Plaintiff argues that John Pecoraro's vascular disease is not at issue, but rather, the administration of therapeutic antibiotic care is central to this case. This Court cannot determine, at this stage, what the evidence will show. Therefore, it would be improper to preclude Dr. Bertola's deposition at this stage. Moreover, this Court agrees with Plaintiff that any arguments regarding Dr. Bertola's credentials or the absence of supporting peer-reviewed literature are a matter of weight that this Court will determine after hearing all of the evidence. Defendant will be given leeway at trial to challenge Dr. Bertola's credentials and the reliability of his opinions through its own expert witness, Dr. Illig.

12. For the foregoing reasons, this Court will deny Defendant's First and Second Motions in Limine. Moreover, because Plaintiff's expert is not being precluded, Defendant's renewed Motion for Summary Judgment is also denied.

IT HEREBY IS ORDERED, that Defendant's First Motion in Limine (Docket No. 110) is DENIED.

FURTHER, that Defendant's Second Motion in Limine and Renewed Motion for Summary Judgment (Docket No. 116) is DENIED.

SO ORDERED.

Dated: September 15, 2005
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge