UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RITA PECORARO, *as Administratrix of the*
*Estate of John J. Pecoraro*,

                                 Plaintiff,

          v.                                                    **DECISION AND ORDER**
                                                                99-CV-636S

UNITED STATES OF AMERICA,

                                 Defendant.


          1.     A bench trial in this matter commenced on October 24, 2005.  As part of

Defendant's case, Paul Blachowicz of the Department of Veterans Affairs testified

regarding certain monetary benefits that the government paid to Mr. Pecoraro pursuant to

38 U.S.C. § 1151[1] prior to his death.[2]  Plaintiff objected to Mr. Blachowicz's testimony

before and after he testified based principally on relevance grounds.  Plaintiff argued that

Mr. Blachowicz's testimony was irrelevant because as a matter of law, benefits received

by an individual pursuant to § 1151 are not applied as an offset to a judgment when the

party in interest is an estate, not an individual.  Because Mr. Blachowicz was present and

prepared to testify, and because this legal issue had not been fully briefed, this Court

permitted Defendant to conduct its direct examination of Mr. Blachowicz and deferred

cross-examination until the § 1151 offset issue could be resolved via further motion

practice.[3]

          2.     On November 1, 2005, Plaintiff filed a Motion to Strike Mr. Blachowicz's

----

[1]Formerly codified at 38 U.S.C. § 351.

[2]Mr. Blachowicz testified on October 26, 2005.

[3]Cross-examination was also deferred because there was an issue regarding whether Plaintiff's
counsel was in possession of all of the documents used by Mr. Blachowicz to support his testimony.

testimony.   The parties fully briefed the motion and this Court deemed oral argument unnecessary.  After reviewing and considering the parties' arguments, this Court filed an Order on November 28, 2005, granting Plaintiff's motion with decision to follow.   The following are this Court's reasons for granting Plaintiff's motion.

3.     Since the parties are familiar with the procedural history and facts of this case, a complete recitation of the same will not be repeated herein.  In December 1996, John J. Pecoraro sought medical care at Veterans Hospital for pain in his right leg and foot. After being admitted to Veterans Hospital, Mr. Pecoraro underwent a femoral-to-femoral bypass, and subsequently experienced wound infection complications.   His condition worsened and eventually required the amputation of his right leg above the knee.

4.     Mr. Pecoraro instituted this action under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., on September 8, 1999.  He subsequently died during the pendency of this litigation and his wife, Rita Pecoraro, was substituted as the plaintiff in her capacity as the Administratrix of his estate.   On behalf of the estate, Plaintiff alleges that after performing the femoral-to-femoral bypass operation, physicians at Veterans Hospital discharged Mr. Pecoraro without appropriate or sufficient antibiotics, causing his groin to become infected and ultimately requiring the partial amputation of his leg.[4]

5.     The issue here is whether § 1151(b) requires that any judgment that may be obtained in this case be offset by the amount of benefits Mr. Pecoraro previously received from the government under § 1151.  These benefits are in excess of $240,000.  Plaintiff argues that § 1151(b) does not apply because the party at interest in this case is an estate,

---

[4]The amputation was performed at another Buffalo-area hospital.  Only the course of treatment Mr. Pecoraro received at Veterans Hospital prior to the amputation is at issue.

not an individual.  Defendant argues that Congress's intent when it enacted § 1151(b) was to prevent double recovery for the same injury and therefore whether plaintiff is an individual or an estate is of no consequence.  Because it is this Court's opinion that the plain language of § 1151(b) dictates a finding that its offset provision applies only to individuals, Defendant's argument is unpersuasive.

6.      Section 1151(b) provides as follows:

(1)     Where an *individual* is, on or after December 1, 1962, awarded a judgment against the United States in a civil action brought pursuant to section 1346(b) of title 28 or, on or after December 1, 1962, enters into a settlement or compromise under section 2672 or 2677 of title 28 by reason of a disability or death treated pursuant to this section as if it were service-connected, then (except as otherwise provided in paragraph (2)) no benefits shall be paid to such *individual* for any month beginning after the date such judgment, settlement, or compromise on account of such disability or death becomes final until the aggregate amount of benefits which would be paid but for this subsection equals the total amount included in such judgment, settlement, or compromise.

(2)     In the case of a judgment, settlement, or compromise *covered by paragraph (1)* that becomes final on or after the date of the enactment of this paragraph and that includes an amount that is specifically designated for a purpose for which benefits are provided under chapter 21 or 39 of this title (hereinafter in this paragraph referred to as the "offset amount"), if such judgment, settlement, or compromise becomes final before the date of the award of benefits under chapter 21 or 39 for the purpose for which the offset amount was specifically designated--

(A)     the amount of such award shall be reduced by the offset amount; and
(B)     if the offset amount is greater than the amount of such award, the excess amount received pursuant to the judgment, settlement or compromise, shall be offset against benefits otherwise payable under this chapter.

3

(Emphasis added.)

7.      Resolution of the present motion requires that this Court interpret the statute cited above.  In doing so, this Court is mindful of the long-standing cannon of statutory construction that the plain, unambiguous language of the statute controls. The starting point for this Court's analysis is therefore the plain language of § 1151(b) itself.  See Barnhart v. Sigmon Coal Co., Inc., 534 U.S. 438, 450, 122 S.Ct. 941, 950, 151 L.Ed.2d 908 (2002); Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993); United States v. Ron Pair Enters., 489 U.S. 235, 241, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).  This Court must "determine whether the language at issue has a plain and unambiguous meaning." Robinson v. Shell Oil Co., 519 U.S. 337, 340, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997).  If it does, this Court's analysis ends, as no further inquiry is required.  See Barnhart, 534 U.S. at 450; Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999); In Re Venture Mortgage Fund, L.P., 282 F.3d 185, 188 (2d Cir. 2002) ("It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms.")(quoting Lee v. Bankers Trust Co., 166 F.3d 540, 544 (2d Cir. 1999)); In Re Initial Pub. Offering Sec. Litig., 241 F.Supp.2d 281, 348 (S.D.N.Y. 2003) (no reason to resort to legislative history if statutory language is plain and unambiguous).

8.      In this Court's view, the language of § 1151(b) is plain and unambiguous: its offset provisions apply to *individuals* who obtain judgments or settlements against the government.  See 28 U.S.C. § 1151(b).  Nowhere in § 1151(b) is there any provision for an offset when an estate is the party in interest, as it is here.  The plain language of the

4

statute dictates a finding that only *individuals* who succeed in obtaining judgments be subject to the offset provisions.  Further exercise in statutory construction is therefore unnecessary.  Marvel Characters, Inc. v. Simon, 310 F.3d 280, 290 (2d Cir. 2002) ("when the language of a statute is unambiguous, judicial inquiry is complete") (internal citations omitted).

9.    This Court's interpretation of § 1151(b) is supported by the relevant case law.  For example, in Neal v. Derwinski, a veteran's widow entered a settlement under the Federal Torts Claim Act on behalf of both her deceased husband's estate and as a representative of the beneficiaries, among whom she was included.  2 Vet. App. 296, 297 (1992).  The issue was whether an offset under § 1151(b) applied to the widow's portion of the settlement received in her capacity as a representative of the estate as well as to that portion received in her capacity as a beneficiary.  The United States Court of Appeals for Veterans Claims[5] held that only that portion of the settlement that the widow received in her capacity as an individual beneficiary was subject to the offset.  See id. at 299 ("the only portion of the settlement which went to compensate appellant as an 'individual' was the 10% for loss of companionship").   The portion the widow received on behalf of the estate was not offset.   In so finding, the court seized on § 1151's use of the term "individual."   Id. at 298.

> Our determination as to amount of offset hinges on whom appellant represented when she entered into a settlement with the government pursuant to the FTCA.  If she represented herself solely, the entire amount recovered would necessarily be offset against her DIC payments.  *If, however, she represented the estate alone, offset would not be necessary*

_____

[5]Formerly the United States Court of Veterans Appeals.

*since the estate, not appellant, entered into the settlement.*

Id. at 298-99 (emphasis added).

10.     This holding was restated in Bryan v. West, where the same court was examining a different offset provision, 38 U.S.C. § 1318(d).  13 Vet. App. 482 (2000).  In Bryan, the court recognized that Neal stood for the proposition that under § 1151, "moneys that were recovered by the estate were not subject to offset."  Id. at 488.  Thus, Bryan indirectly reiterated the court's ruling in Neal.  Finally, the holding in Neal was reaffirmed in Gantt v. Principi, where the court categorized its holding in Neal as follows: "In Neal v. Derwinski, this Court held that under section 1151, in a case where there was a judgment that awarded money both to the estate and to the beneficiaries, the money recovered by the estate was not subject to offset."  16 Vet. App. 89 (2002).  The court characterized the issue of the plaintiff's representational capacity as "critical" and remanded the case for further findings and a determination of the plaintiff's specific legal status.  See id. at 95.

11.     In this case, Mrs. Pecoraro is proceeding not on her own behalf, but on behalf of her husband's estate.  In the event a judgment is obtained, that judgment will be paid to the Estate of John J. Pecoraro, not to Mr. or Mrs. Pecoraro individually.  As such, under the plain language of § 1151(b) and the relevant case law interpreting that statute, any judgment that may be awarded is not offset by the amount of § 1151 benefits that Mr. Pecoraro received prior to his death.  In light of this ruling, Mr. Blachowicz's testimony is no longer relevant to any issue in this case and shall therefore be stricken.  See FED R. EVID. 401, 402.

12.     This Court is not persuaded by either of Defendant's substantive arguments.[6]

First, Defendant argues that the legislative history of § 1151 precludes a finding that no

offset applies when an estate, not an individual, is the party in interest.  This Court does

not disagree with Defendant that the legislative history indicates that the offset provision

in § 1151(b) was included to prevent double recovery in the form of both an award via a

Federal Tort Claims Act action and the receipt of veterans' benefits for the same injury.

See Morgan v. United States, 968 F.2d 200, 207 (2d Cir. 1992) (discussing legislative

intent).  While it may very well be that Congress intended § 1151(b) to apply to *any*

judgment recovered under the Federal Torts Claim Act no matter the legal status of the

plaintiff, it simply did not transfer that intent to the text of the statute.[7]  Compare 38 U.S.C.

§ 1151(b) with 38 U.S.C.  § 1318(d).  As discussed above, the statute, by its plain terms,

provides for an offset only for *individuals* who collect such judgments or settlements.  In

the face of an unambiguous statute, this Court's duty is to apply it as written, not expand

it.[8]  See Friends of the Earth v. Consol. Rail Corp., 768 F.2d 57, 62 (2d Cir. 1985).

13.     Second, Defendant argues that the cases discussed above are

distinguishable from the instant case.  While the Government has set forth factual

---

[6]Defendant's procedural argument that Plaintiff's are in violation of this Court's Pretrial Letter is equally unpersuasive, particularly given the complex procedural history of this case.  This Court finds that Plaintiff's instant motion is properly before it.

[7]This Court notes that its interpretation of § 1151(b) is not technically inconsistent with Congress's legislative intent.  Mr. Pecoraro received veterans' benefits when he was alive.  Any judgment in the instant case, however, will not go to Mr. Pecoraro.  Instead, it will go to his estate (comprised of his heirs and beneficiaries), which is a separate legal entity.  As such, there is no double recovery in the legal sense as different parties in interest will receive the veterans' benefits and any judgment under the Federal Tort Claims Act.

[8]Where, as here, the language of a statute is unambiguous, only the most extraordinary showing of contrary intentions would justify altering its plain meaning.  See Garcia v. United States, 469 U.S. 70, 75, 105 S.Ct. 479, 482-83, 83 L.Ed.2d 472 (1984).  The legislative history cited by Defendant does not rise to the level of such an extraordinary showing.

differences in <u>Neal</u>, <u>Bryan</u> and <u>Gantt</u>, it has failed to establish how those differences warrant a departure from the principle of law annunciated in those cases.  Each of the cases, at least in part, deal with the question of whether an offset under § 1151 applies when the party in interest is an estate, not an individual.  Each of the cases answers that question in the negative.  While <u>Neal</u>, <u>Bryan</u> and <u>Gantt</u> may not govern this case as a matter of precedent, they certainly constitute a body of persuasive authority that supports this Court's interpretation of § 1151(b).

14.     It is for the reasons discussed above that this Court granted Plaintiff's Motion to Strike on November 28, 2005.


IT HEREBY IS ORDERED, that consistent with this Court's November 28, 2005 Order, Plaintiff's Motion to Strike (Docket No. 132) is GRANTED.

FURTHER, that the testimony of Paul Blachowicz shall be stricken from the record.

SO ORDERED.


Dated: November 29, 2005
Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge

8